CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 2 1 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

BRENDA LEE,                              )
                                         )        Civil Action No.  5:06CV00098
          Plaintiff,                     )
                                         )
v.                                       )        **MEMORANDUM OPINION**
                                         )
MICHAEL J. ASTRUE,                       )
Commissioner of Social Security,         )        By:    Honorable Glen E. Conrad
                                         )               United States District Judge
          Defendant.                     )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social
Security denying plaintiff's claims for disability insurance benefits and supplemental security income
benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. §
1381 et seq., respectively.  Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C.
§ 1383(c)(3).  This court's review is limited to a determination as to whether there is substantial
evidence to support the Commissioner's conclusion that plaintiff was not under a disability at any
time prior to the final decision of the Commissioner.  If such substantial evidence exists, the final
decision of the Commissioner must be affirmed.  Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966).
Stated briefly, substantial evidence has been defined as such relevant evidence, considering the
record as a whole, as might be found adequate to support a conclusion by a reasonable mind.
Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Brenda Joyce Lee, was born on April 24, 1951, and eventually reached the
seventh grade in school.  Mrs. Lee has been employed as a cook, deli worker, meat preparer, and
sales clerk.  She last worked in 2003.  On October 2, 2003, Mrs. Lee filed applications for disability
insurance benefits and supplemental security income benefits.  She alleged that she became disabled
for all forms of substantial gainful employment on October 21, 2002 due to spurs, spasmatic colon,

irritable bowel, diverticulitis, back problems, hiatal hernia, and ulcers. At the time of the administrative hearing, plaintiff amended her applications so as to reflect an alleged disability onset date of June 1, 2003. (TR 265). She now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that Mrs. Lee met the insured status requirements of the Act through the second quarter of 2004, but not thereafter. Consequently, plaintiff is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before June 30, 2004. See generally 42 U.S.C. § 423.

Mrs. Lee's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated April 18, 2006, the Law Judge also concluded that plaintiff is not disabled. The Law Judge found that Mrs. Lee suffers severe impairments based on back problems and occasional dizziness. Despite these difficulties, and after considering testimony from a vocational expert, the Law Judge ruled that Mrs. Lee retains sufficient functional capacity to return to her past relevant employment as a deli worker. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to benefits under either federal program. See generally 20 C.F.R. §§ 404.1520(f) and 416.920(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Lee has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered

2

in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mrs. Lee has a history of musculoskeletal problems, irritable bowel syndrome, diverticulitis, and occasional dizziness. She takes medication for control of musculoskeletal pain. Mrs. Lee has received regular treatment from Dr. Alan J. Morgan, a family practitioner. On January 1, 2006, Dr. Morgan submitted a report indicating that plaintiff's musculoskeletal problems are so severe as to limit her to less than a full range of sedentary exertion.[1] However, after reviewing most of the evidence of record, a state agency physician determined that plaintiff's musculoskeletal limitations are not so severe as to prevent performance of light levels of work, as performed in plaintiff's prior job as a deli worker. The Administrative Law Judge relied on the report of the state agency physician in finding that Mrs. Lee possesses residual functional capacity to return to past relevant work. The court must agree that the medical record does not support a finding of disabling musculoskeletal limitations. Furthermore, a more recent report from the University of Virginia Medical Center indicates that Mrs. Lee's gastrointestinal and bowel problems are controlled with medication. The court finds substantial evidence to support the Law Judge's determination that Mrs. Lee retains sufficient functional

---

[1] As recognized by the vocational expert at the hearing, if Mrs. Lee is limited to no more than sedentary exertion, she would be unable to perform her past relevant employment as a deli worker, and would be deemed disabled under the medical vocational guidelines. See 20 C.F.R. §§ 404.1569 and 416.969, and Rule 201.10 of Appendix II to Subpart P of the Administrative Regulations Part 404.

3

capacity to return to her past job as a deli worker. It follows that the final decision of the Commissioner must be affirmed.

As previously noted, Dr. Alan J. Morgan submitted a report indicating that Mrs. Lee is unable to perform more than a limited range of light work. In support of his opinion, Dr. Morgan cited only his own observations of moderate tenderness throughout the spine and exacerbation of pain upon performance of physical activities. However, in a physical residual functional capacity assessment dated March 22, 2005, Dr. R. S. Kadian reviewed the medical record and concluded that plaintiff retains sufficient functional capacity for a range of physical activities consistent with light exertion. The court also notes that the medical notes compiled by Dr. Morgan do not document observation of significant musculoskeletal limitations. There are no x-ray findings of anything more than mild musculoskeletal defect. (TR 217). Dr. Morgan's office notes simply do not reflect observations of such serious manifestations of musculoskeletal impairment as would support a finding of total disability.

The court does believe that the Administrative Law Judge has understated the seriousness of Mrs. Lee's gastrointestinal problems. Plaintiff has a history of stomach distress and irritable bowel symptoms. In April 2004, Mrs. Lee underwent a thorough diagnostic workup at the Digestive Health Clinic at the University of Virginia Medical Center. She was found to be suffering from a history of gastroesophageal reflux disease, diverticulosis, and irritable bowel syndrome. However, Mrs. Lee's reflux symptoms were said to be "somewhat controlled" with medication and diet. There was no indication that Mrs. Lee required anything other than conservative treatment of her various digestive problems.

4

In summary, while Dr. Morgan has indicated that Mrs. Lee is severely impaired because of musculoskeletal problems, there is no objective evidence which would support the notion that Mrs. Lee is disabled for her past job as a deli worker. Dr. Morgan noted essentially the same symptomatology during the periods when plaintiff was productively employed as was reported at the time of his medial assessment on January 1, 2006. All of the objective studies in Mrs. Lee's case have proven unremarkable. Other than for Dr. Morgan's opinion, there is simply no medical evidence which supports a finding of total disability. In plaintiff's case, the court believes that the Administrative Law Judge properly determined to give lesser weight to the opinion of the treating physician. See 20 C.F.R. §§ 404.1527(e) and 416.927(e). The court concludes that there is substantial evidence to support the Law Judge's finding that Mrs. Lee possessed the physical capacity to perform her past job as a deli worker. It follows that the final decision of the Commissioner must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that Mrs. Lee is free of all pain, discomfort, and gastrointestinal distress. Indeed, the medical records confirm that plaintiff suffers from several very worrisome problems, which can be expected to cause musculoskeletal discomfort, as well as irritable bowel symptoms, nausea, and reflux. However, it must again be noted that no doctor has reported objective findings of serious musculoskeletal defect or gastrointestinal impairment. Stated differently, Mrs Lee's testimony as to her disabling musculoskeletal discomfort and her need for unpredictable bathroom breaks is not totally consistent with the evidence in her case. It must be recognized that the inability to do work without any subjective complaints does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). It appears to the court that the Administrative Law Judge considered

5

all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. Thus, the court concludes that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 21st day of August, 2007.

_____
United States District Judge

6